FILED
December 22, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003974406

3

Catherine King, Esq. – SBN 145940
KING LAW OFFICES
2051 Hilltop Drive, Ste. A28
Redding, California 96002
(530) 221-2640

Attorney for Harold and Minnie McFall, Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE

HAROLD SPENCER McFALL, SR.
and MINNIE ANN McFALL,

             Debtors

Case No.: 11-47688-D-7

DCN: CK-01

**MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS**

Date: January 25, 2012
Time: 10:00 am
Judge: Hon. Robert S. Bardwil

    HAROLD McFALL and MINNIE McFALL, debtors herein, hereby move this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on November 28, 2011. Michael P. Dacquisto was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a day care business from their home located at 303 Discovery Street, Yreka, California.

3. The Debtors' tools of the trade consisting of child size furniture, toys and equipment normally used in a day care business (hereinafter, "BUSINESS ASSETS") have been

disclosed in detail in the filed Amended Schedule B (EXHIBIT A). The Debtors have placed values on these assets in the aggregate total of $500.00.

4. As shown in Schedule D (EXHIBIT B), the Debtors assert that no Creditors hold any liens against the BUSINESS ASSETS.

5. As shown in Amended Schedule C (EXHIBIT C), the Debtors have claimed the total allowed exemption under CCP 703.140(b)(6) totaling $2,200.00 against the values of the BUSINESS ASSETS.

6. In summary

    a. Gross value of BUSINESS ASSETS ................................................................. 500.00

    b. Liens against the BUSINESS ASSETS ............................................................. -$     .00

    c. Gross Equity ..................................................................................................... $500.00

    d. Exemptions claimed on the BUSINESS ASSETS ........................................... -$2,200.00

    e. Net value of BUSINESS ASSETS to the estate ............................................... $     .00

7. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors.

8. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtors assert that, based on the lack of any nonexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate. Therefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted.

Dated: December 21, 2011  /s/ *Catherine King*
Catherine King, Attorney for Debtors